THE HONORABLE FRANKLIN D. BURGESS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SONIA LIM, surviving spouse of EDUARDO LIM, and for the marital community comprised thereof,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRANCISCAN HEALTH SYSTEMS, a corporation doing business in Washington and CATHOLIC HEALTH INITIATIVES, a Corporation doing business in Washington,<br><br>　　　　　Defendants. | No.  3:06-CV-05191-FDB<br><br>**STIPULATED PROTECTIVE ORDER** |

　　　　The parties to the above-captioned litigation believe they may seek or be required to disclose to others confidential information relating to the subject matter of this litigation, and that unauthorized or improper disclosure of such information would be harmful to the parties; and the parties desire to limit the extent of disclosure and use of such confidential information, and to protect such information from unauthorized use and/or further disclosure.  Pursuant to Fed. R. Civ. Pro. 26(c), the parties, therefore, stipulate as follows:

<b><u>Purpose, Scope and Definitions</u></b>

　　　　1.　　The parties desire to protect confidential and proprietary information disclosed in the discovery process in this case.  This Stipulation and Protective Order shall apply to all

---

**(PROPOSED) STIPULATED PROTECTIVE ORDER** - 1
**No.  3:06-CV-05191-FDB**

information properly considered to be CONFIDENTIAL, as defined below, and disclosed by the parties or third parties including, but not limited to, deposition testimony, documents (including documents produced before the complaint was filed in this matter), answers to interrogatories and requests for production, answers to requests for admissions, information obtained from an inspection of premises or things, and information obtained from third parties pursuant to a subpoena issued in this litigation.  It shall apply to all "documents" as defined in each party's discovery requests including, without limitation, electronic documents, tape recordings, charts, and data retained in any form.

2. Under this Protective Order, and as qualified by ¶ 3 below, the term "CONFIDENTIAL" information means or refers to:

   a) personal and business records, reports, plans, proprietary and trade secret information, and other information including, but not limited to, company policies, business plans and proposals, pricing information, technical information, financial information, accounting and bank records, product information, customer and customer prospect lists, marketing and/or sales reports, audited or unaudited financial statements, financial reports, income reports, expense reports, and tax records;

   b) medical records;

   c) documents pertaining to current or former employees of Defendants including and in addition to Plaintiff, , in which such person(s) might have a reasonable expectation of privacy or which are reasonably deemed confidential by one or more parties.

   d) any other information determined to be confidential by this Court.

3. This Protective Order shall not apply to information which is either (a) public knowledge; or (b) discovered independently by the receiving party ("independently" does not mean confidential documents taken without permission from either Franciscan Health Systems or Catholic Health Initiatives).

**(PROPOSED) STIPULATED PROTECTIVE ORDER** - 2
No.  3:06-CV-05191-FDB

**Procedure for Designating Information as CONFIDENTIAL**

4. All medical records and personnel files (or portions thereof) shall be considered per se CONFIDENTIAL and need not be specifically designated or marked as CONFIDENTIAL. Such medical records and personnel files (or portions thereof) shall be treated as CONFIDENTIAL in accordance with this Protective Order. With respect to other types of information considered to be CONFIDENTIAL, the parties must follow the procedure set forth in ¶¶5, 6 and 7, below.

5. Each party to this action, as well as third parties who may supply confidential information, believing that such information is CONFIDENTIAL pursuant to ¶ 2, shall designate the information as CONFIDENTIAL, by placing on the information, documents, or tangible items the legend "CONFIDENTIAL" or words to this effect.

6. Such designation as CONFIDENTIAL shall be made either (a) when a response to an interrogatory or request for admission is served, or (b) when a copy of the document is provided to a party by a party or third party. In the case of depositions, the designating party shall advise opposing counsel in writing specific pages of the deposition to be maintained in confidence at the deposition or within twenty-one (21) days after receipt of the deposition transcript by its counsel (during which period such information shall be considered CONFIDENTIAL information.)

7. Documents may be designated as CONFIDENTIAL only at the time copies of the information are first produced or disclosed except as set forth in ¶ 16 *infra* with the sole exception being that the parties may, retroactively, designate as CONFIDENTIAL, and seek to have sealed as set forth in ¶ 8 *infra*, any information disclosed, served or filed during the period of time subsequent to service of the instant action but prior to the date of execution of this Stipulated Protective Order.

(PROPOSED) STIPULATED PROTECTIVE ORDER - 3
No.  3:06-CV-05191-FDB

Seattle-3330814.2 0027797-00132

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

**Challenges to Designation**

8.  At any time after receiving information which has been designated as CONFIDENTIAL, any party may object to the designation of information as CONFIDENTIAL by providing written notice to that effect to the designating party.

9.  After first attempting to resolve any objection by agreement, the objecting party may move the Court for a ruling regarding whether the information in question qualifies as CONFIDENTIAL information.  The burden of demonstrating any specific information or document is confidential is on the party claiming its confidentiality, even if the objecting party files a motion to challenge the designation of confidentiality.

10. At all times prior to the Court's ruling, the challenged information shall be maintained as CONFIDENTIAL information, and the restrictions on its use and disclosure set forth herein shall be fully observed.

11. No party may challenge the confidentiality of medical records or personnel files.

**Restrictions on the Use of CONFIDENTIAL Information**

12. All CONFIDENTIAL information shall be used solely for the purposes of this action, i.e., prosecuting or defending the claims asserted in this action, and shall not be used for any other purpose whatsoever.

13. Disclosure of CONFIDENTIAL information, including compilations or summaries of such information, shall be limited to:

　　(a) counsel for Plaintiff or Defendants, including necessary paralegal, secretarial, and clerical personnel of such counsel;

　　(b) qualified reporters and videographers recording testimony involving such documents or information, and necessary stenographic and clerical personnel thereof;

**(PROPOSED) STIPULATED PROTECTIVE ORDER** - 4
No.  3:06-CV-05191-FDB

Seattle-3330814.2 0027797-00132

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

(c)    independent experts, consultants, and private investigators, and their staff, who are designated and employed <u>for the purpose of this litigation</u> by the receiving party and who are not employees of said party or its affiliates;

(d)    any party to this action, to the extent necessary for the purposes of this action (for parties that are entities, disclosure pursuant to this subparagraph is limited to those employees or officers of the party who have a need to receive the information consistent with the purposes of this action);

(e)    any witness or person reasonably believed to be a potential witness to this action, other than a party, in any pretrial interviews or at his or her deposition or at trial, to the extent necessary for the purposes of this litigation; and

(f)    the Court, and any necessary stenographic and clerical personnel thereof.

There shall be no other disclosure of CONFIDENTIAL information absent Order of the Court or the express written agreement of the disclosing party.

14.    Prior to the disclosure of any CONFIDENTIAL information to persons described in ¶¶ 13(c), 13(d) or 13(e) above, the undersigned attorney, or an attorney under his or her direction, shall advise each person that the information is confidential, can be disclosed only to persons in ¶¶13(a-f) and only as provided by this Order, and can only be used for the purpose of this litigation. Furthermore, in addition, prior to the disclosure of any CONFIDENTIAL information to persons described in ¶¶13(c) and (e) above, each such person shall review this Protective Order and shall sign a written undertaking, in the form as illustrated in Exhibit 1 hereto, acknowledging that he or she has read and understands this Order, agrees to comply with this Order, agrees that the CONFIDENTIAL information will be used only to assist counsel in this action, and agrees not to disclose or discuss CONFIDENTIAL information with any person other than those described in ¶¶ 13(a-f) above.

**(PROPOSED) STIPULATED PROTECTIVE ORDER** - 5
No.  3:06-CV-05191-FDB

15. The filing under seal of CONFIDENTIAL information with the Clerk of the U.S. District Court or with any appellate court shall be governed by the Local Rules of the U.S. District Court for the Western District of Washington and other applicable law.  To the extent permitted by local rules, CONFIDENTIAL information shall be filed with a motion for an order sealing such material, but need not provide argument or authority in support of such motion.  The party seeking to preserve confidentiality may provide the court with such argument and authority.  The use of CONFIDENTIAL information at trial is not addressed in this Agreement.

16. If, through inadvertence, a producing party provides CONFIDENTIAL information without marking the information as CONFIDENTIAL, the producing party may subsequently inform the receiving party of the CONFIDENTIAL nature of the disclosed information within a reasonable period following the discovery of such material, and the receiving party shall treat the disclosed information as CONFIDENTIAL information upon receipt of written notice from the producing party.  Disclosure by any party of such matter prior to notice by any party of the confidential nature thereof shall not be deemed a violation of this order.  This paragraph does not apply to medical records and personnel files (or portions thereof), which shall be considered CONFIDENTIAL even without an actual CONFIDENTIAL designation.

17. Within 60 days after final termination of this litigation, counsel for each of the parties shall return to the disclosing party all CONFIDENTIAL information and all copies thereof, and shall also provide to the disclosing party all of the original, signed undertakings obtained pursuant to ¶ 15 above.  In the alternative, the party holding the CONFIDENTIAL information may elect to destroy the CONFIDENTIAL information and all copies thereof and provide verification of destruction.  This alternative does not apply to the original, signed undertakings.

**(PROPOSED) STIPULATED PROTECTIVE ORDER** - 6
No.  3:06-CV-05191-FDB

Seattle-3330814.2 0027797-00132

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1   18. The restrictions provided for above shall take effect upon execution of this

2   document by the undersigned attorneys and shall not terminate upon the conclusion of this

3   lawsuit, but shall continue until further Order of this Court.

4   DATED this 1st day of November, 2006.

5   STOEL RIVES LLP                                LAW OFFICES OF MICHAEL J. DAVIS

8   By: */s/ Keelin A. Curran*                     By: */s/ As approved by faxed signature*
    Keelin A. Curran, WSBA #16258                      Michael J. Davis, WSBA #25846
    Theresa A. Briscoe, WSBA #34384                    Attorney for Plaintiff Lim
    Attorneys for Defendants                           524 Tacoma Avenue South
    600 University Street, Suite 3600                  Tacoma, WA  98402
    Seattle, WA  98101                                 Telephone:  (253) 627-8696
    Telephone: (253) 624-0900                          Fax:  (253) 272-5811
    Fax: (253) 386-7500                                E-Mail:  mjdlaw1@msn.com
    E-mail: kacurran@stoel.com
    E-mail: tabriscoe@stoel.com

**(PROPOSED) STIPULATED PROTECTIVE ORDER** - 7
**No.  3:06-CV-05191-FDB**

| | |
|---|---|
| 1 | **ORDER** |
| 2 | IT IS SO ORDERED. |
| 3 | DATED this 3rd day of November 2006. |

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

Presentation Waived and
Approved by:

STOEL RIVES LLP


By: */s/ Keelin A. Curran*
    Keelin A. Curran, WSBA #16258
    Theresa A. Briscoe, WSBA #34384
    Attorneys for Defendants

LAW OFFICES OF MICHAEL J. DAVIS


By: */s/ As approved by faxed signature*
    Michael J. Davis, WSBA #25846
    Attorney for Plaintiff Lim

**(PROPOSED) STIPULATED PROTECTIVE ORDER** - 8
No.  3:06-CV-05191-FDB

**EXHIBIT 1 – CONFIDENTIALITY UNDERTAKING**

1. I have read and understand the attached Stipulated Protective Order that has been entered in <u>Lim v. Franciscan Health Systems, et. al.</u>, Case No. 3:06-CV-05191-FDB in the United States District Court for the Western District of Washington at Tacoma.

2. I understand that I may be given access to CONFIDENTIAL information, and in consideration of that access, I agree that I shall be bound by all the terms of the Stipulated Protective Order.

3. I understand that I am to retain all originals and copies of the CONFIDENTIAL information in a secure manner and that all copies will be returned within sixty (60) days after termination of this action.

4. I understand that I will not disclose or discuss CONFIDENTIAL information with any persons other than counsel for any party and paralegal and clerical personnel assisting such counsel and other persons who have signed this Confidentiality Undertaking.

5. I understand that all CONFIDENTIAL information shall be used solely for the purposes of this action and shall not, directly or indirectly, be used for any other purpose and that any use of CONFIDENTIAL information, or any information obtained therefrom, in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of the Court.

Signature:_____
Name:_____
Business Address:_____
Position:_____
Date:_____

**(PROPOSED) STIPULATED PROTECTIVE ORDER** - 9
No.  3:06-CV-05191-FDB

Seattle-3330814.2 0027797-00132

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |

I hereby certify that on November 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties in the above case.

STOEL RIVES LLP

*/s/ Keelin A. Curran*
Keelin A. Curran, WSBA #16258
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA  98101
Phone: (206) 624-0900
Facsimile: (206) 386-7500

**(PROPOSED) STIPULATED PROTECTIVE ORDER** - 10
No.  3:06-CV-05191-FDB