UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SONIA LIM, surviving spouse of EDUARDO LIM, and for the marital community comprised thereof,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCAN HEALTH SYSTEMS, a corporation doing business in Washington and CATHOLIC HEALTH INITIATIVES, a corporation doing business in Washington,<br><br>Defendants. | Case No. C06-5191 FDB<br><br>ORDER COMPELLING DISCOVERY AND IMPOSING SANCTIONS |

This matter comes before the Court on Defendants motion to compel discovery and for the imposition of sanctions. After having reviewed all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the motion to compel discovery and awards terms.

**INTRODUCTION AND BACKGROUND**

This suit for employment discrimination was filed by Plaintiff on March 10, 2006 in Pierce County Superior Court and removed to this Court by Defendants on April 10, 2006. Trial is scheduled for May 29, 2007. The deadline for disclosure of expert witnesses and their opinions was

ORDER - 1

November 20, 2006. Discovery cutoff is January 29, 2007.

Plaintiff's Initial Disclosures were due on August 4, 2006. Despite numerous requests for Defendants' counsel, they have not been produced. On August 17, 2006 Plaintiff was served with Defendants' First Set of Interrogatories and Request for Production. Responses were due on September 21, 2006. They have not been produced. On August 30, Plaintiff requested a 30 day extension to respond to the discovery requests. Defendants agreed to extend the deadline to October 2, 2006. Plaintiff failed to comply with this extension.

On November 1, 2006 the parties conducted a Rule 37 conference to resolve their discovery dispute. During the conference Plaintiff's counsel agreed to provide the Initial Disclosures no later than November 6, 2006 and the discovery responses no later than November 10, 2006. Plaintiff failed to comply with these deadlines. Defendants' counsel then advised Plaintiff's counsel that a motion to compel would be filed if Plaintiff failed to provide the overdue discovery by November 14, 2006. On the due date, November 14, Plaintiff's counsel requested that Defendant delay filing the motion until November 20 as he was to meet with his client to complete the answers to discovery. Defendants again provided Plaintiff with an extension to November 20, 2006. Again, Plaintiff failed to provide the requested discovery. This motion followed.

## DUTY TO COMPLY WITH DISCOVERY REQUEST

Defendants request an order compelling Plaintiff to provide Initial Disclosures and complete responses to the First Set of Interrogatories and Request for Production. As Defendant's statement of facts are not contested, the Court adopts the facts as set forth in Defendant's motion.

Fed .R. Civ. P. 26(a)(1) requires parties to disclose supportive witnesses and documents, damages computations and insurance information "without awaiting a discovery request" at or within 14 days after the scheduling conference. Plaintiff has inexcusably failed to provide his initial disclosures given that they were due no later August 4, 2006. Responses to interrogatories and request for production were due September 21, 2006. These deadlines were extended by

ORDER - 2

Defendants, yet remain unfulfilled.

Where the response to discovery is unsatisfactory, the party seeking discovery may file a motion to compel discovery, including a copy of the discovery propounded and the response thereto. Fed. R. Civ. P. 37.  An "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3).  It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

The Court finds it appropriate and necessary to compel discovery.

## SANCTIONS

Rule 37(c) states: (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording a opportunity to be heard, may impose other appropriate sanctions.  In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

In order to avoid sanctions, Plaintiff has the burden of establishing that he had a "substantial justification" for failure to respond and that any late disclosure is "harmless." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).  Counsel's purported justification is unsubstantial.  Counsel's personal difficulties do not provide good cause for a total lack of compliance with discovery rules.  The Defendants provided numerous extensions to Plaintiff and yet there was no response.  The Court finds that a sanction in the amount of a reasonable attorney's fee incurred by Defendants in bringing this discovery motion is appropriate.  The Court finds that

ORDER - 3

$1,260.00 is a reasonable compensation for the fees incurred by Defendants in having to bring this action.

## CONCLUSION

The Court having reviewed the pleadings and the remaining record, and for the reasons set forth above,

IT IS HEREBY ORDERED:

    (1)    Defendants' Motion to Compel Discovery [Dkt. #13] is GRANTED,

    (2)    No later than December 15, 2006, Plaintiff must provide full and complete answers and responses to Defendants' First Set of Interrogatories and Requests for Production and provide Initial Disclosures.

    (3)    No later than December 15, 2006, Plaintiff and /or counsel for Plaintiff must pay to Defendants the sum of $1,575.00, as terms for having filed this motion to compel.

    (4)    Failure to comply with this Order may result in immediate dismissal of this action, with prejudice.

DATED this 8th day of December, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4